UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

DAVOUD SADEGHI-A, *pro se*,

        Debtor.
_____/

Case No. 16-56551

Chapter 7

Judge Thomas J. Tucker

COMERICA BANK,

        Plaintiff,

vs.

DAVOUD SADEGHI-A, *pro se*,

        Defendant.
_____/

Adv. Pro. No. 17-4517

**ORDER DISMISSING ADVERSARY PROCEEDING**

On July 17, 2017, Plaintiff filed a complaint commencing this adversary proceeding (Docket # 1). On October 13, 2017, the Plaintiff filed an amended complaint (Docket # 18, the "Amended Complaint") containing six counts. Count I through Count V of the Amended Complaint seek a denial of the Defendant/Debtor's discharge under several provisions of 11 U.S.C. § 727(a). Count VI of the Amended Complaint seeks a money judgment in favor of Plaintiff and against the Debtor/Defendant.

On February 4, 2019, the Court entered an order in another adversary proceeding (Adversary Proceeding No. 17-4515) granting summary judgment in favor of the Plaintiff Conopco, Inc. and against the Debtor/Defendant Davoud Sadeghi, which denied the Debtor/Defendant Davoud Sadeghi a discharge "based on 11 U.S.C. § 727(a)(4)(A)." (*See* Docket # 67 in Adv. No. 17-4515, the "no-discharge order").

The Court concludes that the no-discharge order renders the Plaintiff's no discharge

claims under Count I through Count V of the Amended Complaint moot, because Plaintiff has

received all of the relief it was seeking in these counts of this adversary proceeding (namely, that

there will be no discharge of Defendant's debt in Defendant's Chapter 7 bankruptcy case).

Thus, the Court is no longer able to grant Plaintiff any meaningful relief in addition to

what it has already received. *Cf. Rosenfeld v. Rosenfeld* (*In re Rosenfeld*), 535 B.R. 186, 193-

196 (Bankr. E.D. Mich. 2015) (dismissing, for lack of jurisdiction, a creditor's adversary

proceeding seeking an order denying the debtor a discharge under several provisions of 11 U.S.C.

§ 727(a), where the debtor's debt to the creditor was nondischargeable under 11 U.S.C.

§ 523(a).)

Because Plaintiff's no discharge claims have been rendered moot, this Court is unable to

grant Plaintiff the other relief that Plaintiff seeks in this adversary proceeding in Count VI,

namely, the money judgment that Plaintiff's Amended Complaint requests. In the absence of

authority to deny the Defendant's discharge in this adversary proceeding (due to the mootness of

that issue), this bankruptcy court no longer has arguable authority or subject matter jurisdiction to

enter a money judgment for Plaintiff. That is so because the Court's authority and subject matter

jurisdiction to enter a money judgment in this adversary proceeding, if they existed at all, were

wholly dependant on this Court's authority, under 28 U.S.C. § 157(b)(2)(J), to determine

Plaintiff's objections to Defendant/Debtor's discharge. *Cf. Longo v. McLaren* (*In re McLaren*), 3

F.3d 958, 965-66 (6th Cir. 1993) (quoting *Snyder v. Devitt* (*In re Devitt*), 126 B.R. 212, 215

(Bankr. D. Md. 1991)) (the bankruptcy court's jurisdiction to determine the dischargeability of a

debt provides the bankruptcy court with authority to render a money judgment, because the

bankruptcy court's equitable jurisdiction "'attaches to the entire cause of action,'" including the plaintiff's request for a money judgment, and "'more importantly because it is impossible to separate the determination of the dischargeability function from the function of fixing the amount of the nondischargeable debt.'"); *Michigan Unemployment Insurance Agency v. Pettibone* (*In re Pettibone*), 577 B.R. 689, 690 (Bankr. E.D. Mich. 2017) (citations omitted) (holding that "[i]n the absence of authority to grant a determination of nondischargeability (due to the mootness of that issue), this bankruptcy court no longer has authority or subject matter jurisdiction to enter a money judgment for the [Plaintiff]" and explaining that "[t]his Court's authority and subject matter jurisdiction to enter a money judgment in this adversary proceeding was wholly dependant on its statutory authority, under 28 U.S.C. § 157(b)(2)(I), to determine the dischargeability of Defendant's debt to the Agency"); *Comerica Bank v. Bressler (In re Bressler)*, 321 B.R. 412, 420 n. 23 (Bankr. E.D. Mich. 2005) (stating, after denying the debtor a discharge under §§ 727(a)(3) and (a)(5), that it was "unnecessary to address Comerica's request for a summary judgment granting a money judgment for a portion of the debt allegedly owed by Bressler to Comerica" and explaining that "[b]ecause §§ 727(a)(3) and (a)(5) preclude discharge of *any* of Bressler's debts in his bankruptcy case, it is not necessary for this Court to quantify the amount of Bressler's debt to Comerica").

For these reasons,

IT IS ORDERED that this adversary proceeding is dismissed, as moot and for lack of subject matter jurisdiction.

**Signed on March 18, 2019**



/s/ Thomas J. Tucker
_____

**Thomas J. Tucker**
**United States Bankruptcy Judge**

4